**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NUIQSUT TRILATERAL, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-cv-00098-SLG |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY UNDER 5 U.S.C. § 705**

**Introduction**

Noting that Plaintiff's motion for a preliminary injunction and stay was originally filed in the United States District Court for the District of Columbia, the Court has requested that the parties submit supplemental briefs applying the standards for preliminary relief in the Ninth Circuit to that motion, with special emphasis on the Circuit's "serious questions going to the merits approach." ECF No. 38 at 1 (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Plaintiff Nuiqsut Trilateral, Inc. hereby responds to that order.

Plaintiff's motion meets all four of the factors for preliminary relief outlined in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and the Trilateral would thus be entitled to such relief before any federal district court of the United States. But because Plaintiff has demonstrated that the balance of harms tips sharply in its favor—a point that the government has essentially conceded in its memorandum—an injunction is likewise appropriate under Ninth Circuit law recognizing that a district court may act to preserve the status quo upon a showing of

"serious questions" concerning the merits. The government's surprise and hitherto untested revocation of Plaintiff's property right presents far more than "serious questions" and therefore warrants interim relief. The same is true of the Department of the Interior's violation of Plaintiff's constitutional rights, which, under Ninth Circuit law, warrants special consideration in the context of preliminary injunctions. The Court should grant Plaintiff's motion.

## <u>Argument</u>

### I. Preliminary Relief is Warranted Under This Circuit's "Serious Questions" Approach

In the Ninth Circuit, a plaintiff seeking preliminary relief must satisfy *Winter*'s requirements for irreparable harm and the public interest. *All. for the Wild Rockies*, 632 F.3d at 1135. But if those factors are met, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134-35. This "sliding scale" standard, *id.* at 1134, requires "a lesser showing than likelihood of success on the merits," *Se. Alaska Conservation Council v. U.S. Forest Serv.*, 413 F. Supp. 3d 973, 979 (D. Alaska 2019), namely the identification of questions that "are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (quoted authority omitted). The Circuit's provision for this lesser showing acknowledges that "[f]lexibility is the hallmark of equity jurisdiction," *All. for the Wild Rockies*, 632 F.3d at 1132 (citation omitted), and preserves "the longstanding discretion of a district judge to preserve the *status quo* with provisional relief until the merits c[an] be sorted out in cases where clear irreparable injury would otherwise result," *id.* at 1134 (citation omitted).

In this case, the balance of hardships tips sharply in Nuiqsut Trilateral's favor. Pl.'s Mot. at 34-36, ECF No. 12-1. The government "cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013). "[A] plaintiff's

likelihood of success on the merits of a constitutional claim"—such as Count V of Plaintiff's Complaint—"also tips the merged third and fourth [*Winter*] factors decisively in his favor." *Washington v. Trump*, 145 F.4th 1013, 1037 (9th Cir. 2025) (quoting *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023)). Finally, the government has for nearly three months consistently announced its plans to parcel away Nuiqsut Trilateral's property during the pendency of this litigation, and the Cancellation Decision inflicts an ongoing harm on broader subsistence uses on the North Slope. *See* Pl.'s Mot. at 35-36. Defendants have no answer to these hardships and cite none of their own, other than to say that "these factors require consideration of complex factors." Defs.' Opp'n at 25, ECF No. 21. Even had the government attempted to balance the scale, however, the aforementioned hardships are acute and would tip sharply in Plaintiff's favor.

For that reason—and because Plaintiff has satisfied the other *Winter* factors—Nuiqsut Trilateral need only supply "a fair ground for litigation" and "more deliberative investigation" on *one* of its claims to obtain preliminary relief. *Gilder*, 936 F.2d at 422 (quoted authority omitted). Plaintiff has demonstrated that success is *likely* on *each* of its claims, a showing that necessarily encompasses a "fair ground of litigation" and therefore warrants interim relief. *Id.* Indeed, because the record for judicial review appears to be "'fully developed,' and the substantive validity of [the Department of the Interior's decision] 'rest[s] primarily on interpretations of law, not the resolution of factual issues,'" the Court may wish to consider converting Plaintiff's motion into one for summary judgment. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668-69 (9th Cir. 2021) (quoted authority omitted); *see also, e.g.*, *Bering Strait Citizens for Responsible Res. Dev. v. U.S. Army Corps of Eng'rs*, No. 3:07-CV-0057-RRB, 2007 WL 9718137, at *1 (D. Alaska June 15, 2007) (acknowledging practice).[1]

---

[1] There appears to be at least some material agreement between the parties on the completeness of

But if the Court harbors any doubt on the merits—if, for example, the Court requires additional time to deliberate on the nuances of Plaintiff's claims—that doubt is no obstacle to preliminary relief given Plaintiff's satisfaction of the remaining *Winter* factors. Whatever Plaintiff's precise likelihood of success, the government's efforts to ambush Nuiqsut Trilateral and revoke its Right-of-Way on the eve of new leasing and exploration in the Petroleum Reserve warrants preservation of the status quo, the very type of contingency the Ninth Circuit's sliding scale test was designed to address. *All. for the Wild Rockies*, 632 F.3d at 1134. To be clear, that test would warrant relief even if the Department of the Interior had *not* sought to accomplish its plans by way of a novel theory of authority and an entirely untested reading of the Naval Petroleum Reserve Production Act's provision for servitudes, among other dubious tactics. The agency's reliance on those tactics only underscores that, at a minimum, Plaintiff has supplied a "fair ground" for challenge and therefore demonstrated the propriety of interim relief. *Gilder*, 936 F.2d at 422.

## II. Preliminary Relief is Warranted Because Nuiqsut Trilateral is Likely to Succeed on its Due Process Claim

The Ninth Circuit has also explained that its "caselaw clearly favors granting preliminary injunctions to a plaintiff . . . who is likely to succeed on the merits of his [constitutional] claim." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009). That is because when a plaintiff has "alleged [a] constitutional violation" and "shows he is likely to prevail on the merits, that showing will almost always demonstrate he is suffering irreparable harm as well." *Baird*, 81 F.4th at 1042; *see also Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm "follows inexorably" from showing likelihood of due process violation). And "[a] plaintiff's

---

the record. *See* Plaintiff's Opposition to Defendants' Motion to Transfer at 9-10, ECF No. 19 (detailing Plaintiff's and government's views on the scope of the record and of judicial review); Plaintiff's Reply in Support of Motion for Preliminary Injunction and Stay at 10-11, ECF No. 36 (discussing lack of further administrative record for NEPA claims).

likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors [for preliminary relief] decisively in his favor" because the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird*, 81 F.4th at 1042.

Nuiqsut Trilateral has demonstrated a high likelihood of success on its constitutional claim. *See* Pl.'s Mot. at 30-31. Defendants signed the Mitigation Right-of-Way affirmatively granting Plaintiff a property interest, and the members of Nuiqsut Trilateral agreed to support the Willow Project in reliance on this critical protection. *See* Ex. A to Pl.'s Mot., ECF No. 12-2. There is no dispute that Defendants have deprived Nuiqsut Trilateral of that protection without any process at all. *See* Defs.' Opp'n at 24. Injunctive relief is therefore warranted to restrain the government's ongoing violation of Nuiqsut Trilateral's constitutional rights.

**CONCLUSION**

The Court should grant Plaintiff's motion for a preliminary injunction and stay.

Dated: March 10, 2026

Respectfully submitted,


*/s/ Travis Annatoyn*
Travis Annatoyn (*pro hac vice*)
Allison Rumsey (*pro hac vice*)
John V. Hoover (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
travis.annatoyn@arnoldporter.com

Patrick W. Munson (Alaska Bar 1205019)
Kody P. George (Alaska Bar 2211100)
MUNSON, CACCIOLA & SEVERIN, LLP
1029 West Third Avenue Suite 402
Anchorage, AK 99501
Tel: (907) 272-8401
pmunson@mcsalaska.com

*Counsel for Plaintiff Nuiqsut Trilateral, Inc.*