ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: 202-532-5994
Fax: 202-305-0275
paul.turcke@usdoj.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NUIQSUT TRILATERAL, INC.,

        Plaintiff,

    v.

DOUG BURGUM, in his official capacity
as Secretary of the Interior; *et al*.,

        Defendants.

Case No. 3:26-cv-00098-SLG

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Defendants Doug Burgum, in his

official capacity as Secretary of the Interior, Katharine MacGregor, in her official capacity as

Deputy Secretary of the Interior, Bill Groffy, in his official capacity as the Acting Director of

the Bureau of Land Management ("BLM"), Kevin Pendergast, in his official capacity as

Alaska State Director for the BLM, United States Department of the Interior ("DOI"), and

the BLM (collectively "Defendants"), hereby respond to the allegations in Plaintiff's

Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") (Dkt. 1). The numbered paragraphs and section headings in this Answer correspond to the numbered paragraphs and section headings of the Complaint solely for ease of reference. Use of the section headings below does not constitute an admission or acknowledgement of the headings' relevance or accuracy. Any allegation not specifically admitted, denied, or qualified, is denied.

## INTRODUCTION

1. The allegations in the first sentence of Paragraph 1 consist of Plaintiff's characterization of their action, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 1 purport to characterize the Naval Petroleum Reserves Production Act ("NPRPA"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

2. The allegations in the first sentence of Paragraph 2 purport to characterize the discussion of the NPRPA in *N. Alaska Env't Ctr. v. Kempthorne*, 457 F.3d 969, 973 (9th Cir. 2006), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second and third sentence of Paragraph 2 purport to characterize *The lnupiat View* by the lnupiat Community of the Arctic Slope, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

3. The allegations in Paragraph 3 purport to characterize the Alaska National

Interest Lands Conservation Act ("ANILCA"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

4. Defendants admit the allegations in Paragraph 4 that caribou, including what is now referred to as the Teshekpuk Caribou Herd, play a central role in the subsistence lifestyle of Iñupiat culture, that the Herd utilizes calving grounds in the National Petroleum Reserve in Alaska ("Petroleum Reserve" or "NPR-A"), and that Teshekpuk Lake, along with its surrounding area, provides habitat for caribou, shorebirds, waterfowl, and fish, and otherwise deny the allegations.

5. The allegations in the first sentence of Paragraph 5 constitute Plaintiff's characterization of an April 28, 2016, News Release from the Federal Subsistence Board entitled, "Federal Subsistence Board Adopts New Regulations for the Western Arctic and Teshekpuk Caribou Herds," to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations. In response to the allegations in the second and third sentences of Paragraph 5, the terms "fragile," "displacing young caribou," "relatively poor access," and "imperil" are vague and ambiguous and Defendants cannot attribute meaning to them and thus lack of sufficient knowledge or information to admit or deny the allegations and deny them on that basis.

6. The allegations in the first sentence of Paragraph 6 purport to characterize provisions of the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 6 purport to characterize *Ctr.*

*for Biological Diversity v. BLM*, 141 F.4th 976, 989 (9th Cir. 2025), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

7. The allegations in Paragraph 7 purport to characterize provisions of the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

8. The allegations in the first sentence of Paragraph 8 purport to characterize provisions of the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Defendants aver that communities that rely on subsistence uses in the NPR-A have participated in consultation and public processes associated with BLM's decision-making regarding management of the NPR-A, and otherwise deny the allegations in the second sentence of Paragraph 8.

9. The allegations in Paragraph 9 appear to characterize the Willow Project as described in the Final Environmental Impact Statement ("EIS") for the Willow Master Development Plan Record of Decision ("2020 Willow FEIS"), as well as the Final Supplemental EIS ("2023 Willow FSEIS"), which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

10. Defendants admit the allegations of Paragraph 10.

11. The allegations in Paragraph 11 purport to characterize the 2020 Willow Record of Decision ("2020 Willow ROD"), which speaks for itself and is the best evidence

of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

12. The allegations in Paragraph 12 purport to characterize *Sovereign Iñupiat for a Living Arctic v. BLM*, 555 F. Supp. 3d 739, 770, 805 (D. Alaska 2021), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

13. In response to the allegations in the first sentence of Paragraph 13, Defendants aver that they engaged in communications with cooperating agencies, North Slope communities and entities, that include tribal and non-tribal residents, industry representatives, other governmental agencies, interested stakeholders, and the general public related to the remand of the Willow Project and otherwise deny the allegations. The allegations in the second and third sentences of Paragraph 13 purport to characterize the 2023 Willow Record of Decision ("2023 Willow ROD"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

14. The allegations in the first sentence of Paragraph 14 purport to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 14 purport to characterize *Sovereign Iñupiat for a Living Arctic v. BLM*, 701 F. Supp. 3d 862 (D. Alaska 2023) and *Ctr. for Biological Diversity*, 141 F.4th at 1002, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with the plain

language, context, or meaning of those decisions.

15. In response to the allegations of Paragraph 15, Defendants admit that the BLM State Director for Alaska signed the Teshekpuk Lake Conservation Right-of-Way ("TLCROW") Grant on December 17, 2024. Defendants deny the allegations that the TLCROW "fulfilled the agency's obligations under Mitigation Measure 27." The remaining allegations in Paragraph 15 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

16. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 16 and deny them on that basis.

17. The allegations in the first, second, and third sentences of Paragraph 17 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the fourth sentence of Paragraph 17 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. The allegations in the first sentence of Paragraph 18 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to either admit or deny the allegations in the second sentence of Paragraph 18 and deny them on that basis. Defendants admit that Kuukpik Corporation sought and was granted intervenor-defendant status in *Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*, No.

3:23-cv-00058-SLG (D. Alaska) and *Center for Biological Diversity v. Bureau of Land Management*, No. 3:23-cv-00061-SLG (D. Alaska). The remaining allegations in the third sentence of Paragraph 18 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Defendants aver that on December 19, 2025, Deputy Secretary of the Interior Katharine MacGregor signed the Cancellation Decision which was then transmitted to NTI, and otherwise deny the allegations in the first sentence of Paragraph 19. In response to the allegations in the second sentence of Paragraph 19, Defendants aver that the BLM-Alaska State Director provided notice to NTI members prior to issuance of the Cancellation Decision, and otherwise respond that the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. The allegations in the first and second sentences of Paragraph 20 purport to characterize the Cancellation Decision which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the third sentence of Paragraph 20 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 purport to characterize the Cancellation Decision which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

22. The allegations in Paragraph 22 purport to characterize the Cancellation Decision which speaks for itself and is the best evidence of its own contents. Defendants

deny any allegations inconsistent with its plain language, context, or meaning.

23. The allegations in Paragraph 23 purport to characterize the Cancellation Decision which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in the first and second sentences of Paragraph 25. The allegations in the third sentence of Paragraph 25 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. Defendants deny the allegations in the first and fifth sentences of Paragraph 26. The allegations in the second sentence of Paragraph 26 purport to characterize the Cancellation Decision and 2023 Willow ROD, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the third and fourth sentences of Paragraph 26 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. Defendants deny the allegations in the first and fourth sentences of Paragraph 27. The allegations in the second sentence of Paragraph 27 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations of the third sentence of Paragraph 27 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

allegations.

28. The allegations of Paragraph 28 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

29. The allegations in Paragraph 29 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

31. Defendants lack knowledge or information sufficient to either admit or deny the allegations in the first, second, third, fourth, and fifth sentences in Paragraph 31 and deny them on that basis. The allegations in the sixth sentence of Paragraph 31 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants aver that William Groffy is exercising the delegated authority of

the Director of BLM and otherwise admit the allegations in Paragraph 37.

38. Defendants aver that BLM is a "bureau" within the DOI and otherwise admit the allegations in Paragraph 38.

## FACTUAL ALLEGATIONS

### *Local Communities' Reliance on Caribou Since Time Immemorial*

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 39, and on that basis deny the allegations. The allegations in the second sentence of Paragraph 39 purport to characterize *The Inupiat View*, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

40. The allegations in Paragraph 40 appear to characterize *The Inupiat View*, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

41. In response to the allegations in the first sentence of Paragraph 41, Defendants admit that the Teshekpuk Caribou Herd is an important resource for subsistence users on the North Slope, including Iñupiat communities, and otherwise lack knowledge or information sufficient to admit or deny the allegations, and on that basis deny them. Defendants admit the allegations in the second sentence of Paragraph 41 that some North Slope communities, including Nuiqsut, utilize the Teshekpuk Caribou Herd for subsistence purposes, and otherwise lack knowledge or information sufficient to admit or deny the allegations, and on that basis deny them. In response to the allegations in the third sentence

*Nuiqsut Trilateral, Inc. v. Burgum*　　　　　　　　　　　　　Case No. 3:26-cv-00098-SLG
DEFS.' ANSWER　　　　　　　　　　　　　　　　　　　　　　　　10

of Paragraph 41, Defendants admit that caribou calving can generally occur in the vicinity of Teshekpuk Lake, but cannot attribute meaning to the term "attached" and thus lack knowledge or information sufficient to either admit or deny the remaining allegations and deny them on that basis. Defendants deny the allegations in the fourth sentence of Paragraph 41. In response to the allegations in the fifth sentence of Paragraph 41, the terms "marginally," "fragile," "vulnerable," and "core" are vague and ambiguous, and Defendants cannot attribute meaning to them and thus lack knowledge or information sufficient to either admit or deny the allegations. Defendants lack knowledge or information sufficient to admit or deny the allegations in the sixth sentence of Paragraph 41, and on that basis deny. The allegations in the seventh sentence of Paragraph 41 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 purport to characterize ANILCA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

43. The allegations in Paragraph 43 purport to characterize ANILCA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

44. The allegations in Paragraph 44 purport to characterize ANILCA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

45. The allegations in Paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

46. Defendants admit the allegations in the first sentence of Paragraph 46. The allegations in the second sentence of Paragraph 46 purport to characterize Exec. Order No. 3797-A (Feb. 27, 1923), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the third and fourth sentences of Paragraph 46 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

47. The allegations in the first and second sentences of Paragraph 47 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence of Paragraph 47, and on that basis deny them.

48. The allegations in Paragraph 48 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

49. The allegations in Paragraph 49 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

50. The allegations in Paragraph 50 purport to characterize the legislative history of the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

51.     The allegations in the first, second, and third sentences of Paragraph 51 purport to characterize the Department of the Interior Appropriations Act, Pub. L. No. 96-514, 94 Stat. 2957 (Dec. 12, 1980), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the fourth sentence of Paragraph 51 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

52.     The allegations in the first sentence of Paragraph 52 purport to characterize the One Big Beautiful Bill Act, Pub. L. No. 119-21, § 50105(c), 139 Stat. 72, 143, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 52 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### BLM's Management of the Reserve

53.     Defendants admit the allegations in paragraph 53.

54.     The allegations in Paragraph 54 purport to characterize the BLM's Integrated Activity Plans, specifically the 2025 NPR-A IAP ROD ("2025 IAP") and the 2020 NPR-A IAP ROD ("2020 IAP"), which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

55.     The allegations in Paragraph 55 purport to characterize the 2025 IAP and the 2020 IAP, which speak for themselves and are the best evidence of their own contents.

*Nuiqsut Trilateral, Inc. v. Burgum*
DEFS.' ANSWER

Case No. 3:26-cv-00098-SLG
13

Defendants deny any allegations inconsistent with their plain language, context, or meaning.

56. The allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### *The Willow Project and Mitigation Measure 27*

57. The allegations in Paragraph 57 appear to characterize the 2020 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

58. Due to vagueness and ambiguity in defining and referring to "public lands" and "prior projects," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and on that basis deny them.

59. The allegations in the first sentence of Paragraph 59 purport to characterize the 2020 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second and third sentences of Paragraph 59 purport to characterize the comments received on the Willow EIS as described in the BLM Administrative Record Index, *Sovereign Iñupiat for a Living Arctic v. BLM*, No. 20-cv-290 (D. Alaska Jan. 15, 2021), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

60. The allegations in Paragraph 60 purport to characterize the Willow EIS Administrative Record Index, *Sovereign Iñupiat for a Living Arctic v. BLM*, No. 20-cv-290 (D. Alaska Jan. 15, 2021), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or

meaning.

61. The allegations in the first sentence of Paragraph 61 purport to characterize the 2020 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Defendants admit the allegations in the second sentence of Paragraph 61.

62. The allegations in Paragraph 62 purport to characterize *Sovereign Iñupiat for a Living Arctic v. BLM*, 555 F. Supp. 3d 739, 805 (D. Alaska 2021), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

63. The allegations in the first and second sentences of Paragraph 63 purport to characterize the 2023 Willow FSEIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the third sentence of Paragraph 63 purport to characterize Appendix G of the 2023 Willow FSEIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning,

64. The allegations in Paragraph 64 purport to characterize the 2023 Willow FSEIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

65. The allegations in Paragraph 65 purport to characterize the 2023 Willow FSEIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

66. The allegations in Paragraph 66 purport to characterize the 2023 Willow FSEIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

67. The allegations in the first sentence of Paragraph 67 purport to characterize the evaluation of the environmental impacts associated with the Willow Project as detailed in the BLM Administrative Record Index filed in *Sovereign Iñupiat for a Living Arctic v. BLM*, No. 23-cv- 58 (D. Alaska, June 28, 2023), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 67 purport to characterize the 2023 Willow FSEIS and the 2023 Willow ROD, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

68. Defendants admit the allegations in the first sentence of Paragraph 68. The allegations in the second and third sentences of Paragraph 68 purport to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

69. The allegations in Paragraph 69 purport to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

70. In response to the allegations in the first sentence of Paragraph 70, Defendants admit that Mitigation Measure 27 was one of over a hundred mitigation measures adopted in the 2023 Willow ROD, and otherwise deny the allegations. The

allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 70 purport to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

71.     In response to the allegations in the first sentence of Paragraph 71, Defendants admit that BLM has taken action to implement the 2023 Willow ROD, and otherwise denies the allegations. The allegations second, third, fourth, and fifth sentences of Paragraph 71 purport to characterize the Teshekpuk Lake Special Area Protection Options Report ("TLSA Options Report") issued by BLM in July 2023, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the sixth sentence of Paragraph 71 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

72.     The allegations in Paragraph 72 appear to characterize the Teshekpuk Lake Special Area Protection Options Report issued by BLM in July 2023, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Report.

### *Defendants Issue the Mitigation Right-of-Way to Comply with the ROD and Statutory Obligations*

73.     In response to the allegations of the first sentence of Paragraph 73, Defendants admit that the signatories to the TLCROW grant signed the grant on December 17, 2024.  The allegations in the second sentence of Paragraph 73 purport to characterize the

TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning.

74. The allegations Paragraph 74 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

75. The use of the terms "summarized," "view," and "importance" in the allegations in first sentence of Paragraph 75 are vague and ambiguous, and Defendants cannot attribute meaning to them and thus lack knowledge or information sufficient to admit or deny the allegations and deny them on that basis. The allegations in the second, third, fourth, and fifth sentences of Paragraph 75 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

76. The allegations in Paragraph 76 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

77. The use of the terms "applied," "responsibilities," "closely tailoring," and "Project itself" in the allegations in first sentence of Paragraph 77 are vague and ambiguous, and Defendants cannot attribute meaning to them and thus lack knowledge or information sufficient to admit or deny the allegations and deny them on that basis. The allegations in the second sentence of Paragraph 77 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

78. The allegations in Paragraph 78 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

79. The allegations in the first and fourth sentences of Paragraph 79 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second, third, and fifth sentences of Paragraph 79 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### *Defendants Cancel the Mitigation Right-of-Way to Open the Protected Teshekpuk Lake Area to Oil and Gas Leases*

80. Defendants admit that the Department issued the Cancellation Decision on December 19, 2025, and otherwise deny the allegations in the first sentence of Paragraph 80. The allegations in the second and third sentences of Paragraph 80 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

81. The allegations in Paragraph 81 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### *The Department's Purported Non-Statutory Authority*

82. The allegations in the first, second, and third sentences of Paragraph 82 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain

language, context, or meaning. The allegations in the fourth sentence of Paragraph 82 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     The allegations in Paragraph 83 purport to characterize *Boesche v. Udall*, 373 U.S. 472 (1963), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

<em>The Department's "Dominant Purpose" Rationale</em>

84.     The allegations in Paragraph 84 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

85.     The allegations in Paragraph 85 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

86.     The allegations in the first sentence of Paragraph 86 appear to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second and third sentences of Paragraph 86 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

87.     The allegations in Paragraph 87 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

88.     The allegations in Paragraph 88 consist of legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

<i><u>The Department's Post-Hoc Rationale</u></i>

89.     The allegations in the first sentence of Paragraph 89 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 89 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

90.     The allegations in Paragraph 90 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

<i><u>The Department's Sub-Delegation Rationale</u></i>

91.     The allegations in Paragraph 91 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

92.     The allegations in the first and second sentences of Paragraph 92 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the third sentence of Paragraph 92 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

<i><u>The Department's Disregard of Reliance Interests</u></i>

93.     Defendants admit the allegations in the first sentence of Paragraph 93 that

BLM works with stakeholders in accordance with applicable law, including North Slope communities, in discharging its obligations and authority to administer NPR-A uses, including subsistence uses, and otherwise deny the allegations. Defendants deny the allegations in the second sentence of Paragraph 93. The allegations in the third and fourth sentences of Paragraph 93 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

94. Defendants deny the allegations in the first sentence of Paragraph 94. In response to the allegations of the second sentence of Paragraph 94, Defendants admit that BLM received communications from, and worked with, stakeholders in accordance with applicable law, including North Slope communities, in discharging its obligations and authority to administer NPR-A uses, including subsistence uses, and otherwise deny the allegations. The allegations in the third sentence of Paragraph 94 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Defendants deny the allegations in the fourth sentence of Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in the first and third sentences of Paragraph 96. The allegations in the second sentence of Paragraph 96 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 96 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents.

Defendants deny any allegations inconsistent with its plain language, context, or meaning.

97.     The allegations in Paragraph 97 purport to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

## CLAIMS FOR RELIEF

### *FIRST CLAIM FOR RELIEF*

98.     The responses to Paragraphs 1 through 97 are incorporated here by reference.

99.     The allegations in Paragraph 99 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

### *SECOND CLAIM FOR RELIEF*

107.    The responses to Paragraphs 1 through 106 are incorporated here by reference.

108.    The allegations in Paragraph 108 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents. Defendants deny any

allegations inconsistent with its plain language, context, or meaning.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

### *THIRD CLAIM FOR RELIEF*

112. The responses to Paragraphs 1 through 111 are incorporated here by reference.

113. The allegations in Paragraph 113 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

114. The allegations in Paragraph 114 purport to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

### *FOURTH CLAIM FOR RELIEF*

118. The responses to Paragraphs 1 through 117 are incorporated here by reference.

119. The allegations in Paragraph 119 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

120.     The allegations in the first sentence of Paragraph 120 purport to characterize *Government of Province of Manitoba v. Zinke*, 849 F.3d 1111, 1115 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 120 purport to characterize NEPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

121.     Defendants deny the allegations in Paragraph 121.

122.     Defendants deny the allegations in Paragraph 122.

### FIFTH CLAIM FOR RELIEF

123.     The responses to Paragraphs 1 through 122 are incorporated here by reference.

124.     The allegations in Paragraph 124 purport to characterize *Lightfoot v. District of Columbia*, 273 F.R.D. 314, 319-20 (D.D.C. 2011), to which no response is required. To the extent a response is required, Defendants deny the allegations.

125.     The allegations in Paragraph 125 purport to characterize the TLCROW, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

126.     The allegations in Paragraph 126 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

127.     Defendants deny the allegations in Paragraph 127.

# PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or to any form of relief whatsoever.

# GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

# AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring some or all of their claims.

3. Plaintiff has failed to properly establish subject matter jurisdiction.

4. Plaintiff has failed to demonstrate that some or all of their claims are ripe for judicial review.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendants and against Plaintiff, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 30th of March 2026.

> ADAM R.F. GUSTAFSON
> Principal Deputy Assistant Attorney General
> United States Department of Justice Environment
> and Natural Resources Division

/s/ Paul A. Turcke
PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

*Of Counsel*:

JOSHUA HANSON
JASON HARTZ
Office of the Solicitor
United States Department of the Interior

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ Paul A. Turcke
Paul A. Turcke