STEPHEN J. COX
ATTORNEY GENERAL

Mary Hunter Gramling, Alaska Bar No. 1011078
Ronald W. Opsahl, Alaska Bar No. 2108081
David W. Duffy, Alaska Bar No. 0605016
Assistant Attorney Generals
State of Alaska, Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: 907-465-3600
Facsimile: 907-465-2520
Email: mary.gramling@alaska.gov
       ron.opsahl@alaska.gov
       david.duffy@alaska.gov

*Attorneys for the State of Alaska*

| | | |
|---|---|---|
| NUIQSUT TRILATERAL, INC. | ) | **Declaration of** |
| | ) | **John Crowther** |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DOUG BURGUM *et al.*, | ) | |
| | ) | |
| Defendants | ) | Case No. 3:26-cv-00098-SLG |
| | ) | |

I, John Crowther, declare as follows:

1.      I am over 21 years of age, fully competent, and authorized to make this declaration.

2.      I serve as Commissioner Designee of the Alaska Department of Natural Resources and am responsible for supervising and administering the Alaska Division of

Oil and Gas and Office of Project Management and Permitting, among other responsibilities, consistent with Alaska state law and the Alaska Constitution.

3. I have worked for the State for over a decade, including serving as Deputy Commissioner, Special Assistant to numerous Commissioners of the Department of Natural Resources, and as a Director of the Governor's Washington, D.C. office. I have also served as senior professional staff on the U.S. Senate Energy and Natural Resources Committee. I hold a juris doctor degree from Georgetown University Law Center.

4. The mission of the Alaska Department of Natural Resources (DNR) is to develop, conserve, and maximize the use of Alaska's natural resources consistent with the public interest.

5. Consistent with that mission, I aim to ensure that the State obtains the maximum benefit from all oil and gas resources located within the state's boundaries. Congress mandated Alaska be consulted on NPR-A decisions and receive revenues from oil and gas leasing on Federal land, including the NPR-A..

6. The State holds a significant economic interest in current and future production from the Petroleum Reserve, particularly as the beneficiary of Congressionally mandated revenues, which currently require the federal government to pay fifty percent of all NPR-A lease bonus, rental and royalty revenues to the State. Recent statutory amendments will increase the State's revenue interest to seventy percent in the future.

7. I often engage in complex decision-making and policy development initiatives that arise in response to federal land management decisions, including within

Case 3:26-cv-00098-SLG    Document 48-5    Filed 04/07/26    Page 2 of 5
Exhibit A

the Petroleum Reserve. Such initiatives have potential to significantly impact the State's interest in revenues or future resource development on adjacent state lands. I also make written findings that consider and discuss potential effects on wildlife species and habitat on subsistence users, often in direct collaboration with the Alaska Department of Fish & Game and local governments.

8. The Alaska Department of Natural Resource's Office of Project Management and Permitting coordinates permitting efforts for the Willow Project in the NPR-A, and is available to coordinate permitting on other large projects. The Alaska Department of Natural Resources expends considerable time and resources towards coordination with project proponents, other state agencies, and the Federal government.

9. As a sovereign state and landowner, Alaska also has a significant interest in energy security. Oil and gas development from both state-owned lands and federal lands across the North Slope of Alaska, including from within Petroleum Reserve, contributes to energy security for both our State and our Nation.

10. When successful oil and gas production occurs within the Petroleum Reserve, adjacent state lands with hydrocarbon production potential become more economic because of the infrastructure investments made to accommodate production on federal lands, and the additional geologic information that is gathered and can be used to make geologic inferences about adjacent state-owned areas.

11. Throughout my tenure Deputy Commissioner, and now as Commissioner Designee of the Department of Natural Resources, I have closely monitored BLM's lease sale procedures and land management decisions, particularly within the NPR-A, for

Case 3:26-cv-00098-SLG     Document 48-5     Filed 04/07/26     Page 3 of 5
Exhibit A

potential overlap to promote the State's oil and gas lease sale potential, and to promote overall economic development activity and associated jobs for Alaska residents, and to maximize the State of Alaska's economic interests.

12. Based on my experience with the Alaska oil and gas industry and with the economic impact of federal government decisions on state resource development, this and related litigation may have a chilling effect on the industry's willingness to participate in future lease sales and exploration in the Petroleum Reserve.

13. The Alaska Department of Natural Resources was a cooperating agency with BLM in 2023 which led to approval of the Willow Project's Record of Decision (2023 ROD), including related Mitigation Measures.

14. However, neither the BLM nor the Department of Interior offered any meaningful opportunity for the State of Alaska to directly participate in its decision-making process regarding efforts to implement Mitigation Measure 27.

15. Despite Alaska's status as a cooperating agency on the Willow Project approvals, the Alaska Department of Natural Resources was not provided with any specific information about the terms or conditions of the purported "Right of Way" prior to issuance.

16. The "Right of Way" was also harmful to the State due to the lack of transparency, lack of financial terms and conditions for security, lack of authority and precedent, and unauthorized and unsupported delegation of land management and wildlife management in conflict with the State's expectations, expertise, and interests.

17.     I agree with the cancellation of the Teshekpuk Lake Conservation Right of Way and anticipate the BLM will directly consult with both local entities and the State to properly implement Mitigation Measure 27 in meaningful ways that will conform with both applicable federal law and recognize the State's broad constitutional obligations and police powers, particularly as to the management of wildlife and oil resources, which are implicated on both the Petroleum Reserve and adjoining state-owned lands.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the statements are true and correct to the best of my knowledge.

Executed on March 27, 2026.

By:     _____
        John Crowther
        Commissioner Designee,
        State of Alaska Dept. of Natural Resources

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746.

Case 3:26-cv-00098-SLG     Document 48-5     Filed 04/07/26     Page 5 of 5
Exhibit A