STEPHEN J. COX
ATTORNEY GENERAL

Mary Hunter Gramling, Alaska Bar No. 1011078
Ron W. Opsahl, Alaska Bar No. 2108081
David W. Duffy, Alaska Bar No. 0605016
State of Alaska, Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: 907-465-3600
Facsimile: 907-465-2520
Email: mary.gramling@alaska.gov
        ron.opshal@alaska.gov
        david.duffy@alaska.gov
*Attorneys for the State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NUIQSUT TRILATERAL, INC., | ) | **STATE OF ALASKA'S** |
| | ) | **ANSWER AND** |
| Plaintiffs, | ) | **AFFIRMATIVE DEFENSES** |
| v. | ) | |
| | ) | |
| DOUG BURGUM *et al.*, | ) | |
| | ) | |
| Defendants | ) | Case No. 3:26-cv-00098-SLG |
| _____ | ) | |

On January 28, 2026, Plaintiff filed its Complaint for Declaratory and Injunctive

Relief (Dkt. 1) in the U.S. District Court for the District of Columbia as Civil Action No.

26-cv-239. Under Rule 8 of the Federal Rules of Civil Procedure, Intervenor-Defendant

State of Alaska ("Alaska") files its Answer and Affirmative Defenses.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al.*        Case No. 3:26-cv-00098-SLG
State of Alaska's Answer        Page 1 of 24
Case 3:26-cv-00098-SLG        Document 55        Filed 04/23/26        Page 1 of 27

**INTRODUCTION**

1.      The first sentence of Paragraph 1 states Plaintiff's characterization of this action and their conclusions of law, to which no response is required. To the extent that any response is required, Alaska denies such allegations. The second sentence of Paragraph 1 purports to characterize provisions of the Naval Petroleum Reserves Production Act ("NPRPA" or "Production Act"), which speaks for itself and is the best evidence of its content. To the extent that the allegations in the second sentence of Paragraph 1 are inconsistent with that statute, they are denied.

2.      The first sentence of Paragraph 2 purports to characterize *N. Alaska Env't Ctr. V. Kempthorne*, 457 F.3d 969 (9th Cir. 2006), which speaks for itself and is the best evidence of its content. To the extent that the allegations in the first sentence of Paragraph 2 are inconsistent with that document, they are denied. The allegations in first sentence of Paragraph 2 also state conclusions of law, to which no response is required. The remaining allegations of Paragraph 2 purport to characterize information on a Bureau of Land Management ("BLM") website. That document speaks for itself and is the best evidence of its content. To the extent that the allegations characterizing the document are inconsistent with the document, they are denied.

3.      Paragraph 3 purports to characterize and quote from provisions of the Alaska National Interest Lands Conservation Act ("ANILCA"), which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconstant with that statute, they are denied.

4.      As to the first sentence of Paragraph 4, Alaska admits that caribou are an important species to many Alaskans, including Iñupiat communities of the North Slope. As to the second and third sentences of Paragraph 4, Alaska admits the existence of the Teshekpuk Caribou Herd and that the Teshekpuk Lake is large and provides habitat for wildlife, including caribou, shorebirds, waterfowl and fish. Alaska denies the remainder of allegations in Paragraph 4.

5.      The first sentence of Paragraph 5 purports to characterize an online BLM factsheet, which speaks for itself and is the best evidence of its content. To the extent that the allegations characterizing the document are inconsistent with the document, they are denied. As to the second sentence of Paragraph 5, Alaska admits that caribou herd populations are dynamic and change over time. The allegations in Paragraph 5 in the second and third sentences are vague and Alaska denies allegations in Paragraph 5.

6.      Paragraph 6 purports to characterize the Production Act and *Ctr. For Biological Diversity v. BLM,* 141 F.4th 976, 989 (9th Cir. 2025), which speak for themselves and are the best evidence of their content. To the extent that the allegations in Paragraph 6 are inconsistent with those documents, they are denied. The allegations in Paragraph 6 also state conclusions of law, to which no response is required. Alaska denies any remaining allegations in Paragraph 6.

7.      Paragraph 7 purports to characterize the Production Act, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 7 are inconsistent with those documents, they are denied. The allegations in

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.      Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                              Page 1 of 24
Case 3:26-cv-00098-SLG      Document 55      Filed 04/23/26      Page 3 of 27

Paragraph 7 also state conclusions of law, to which no response is required. To the extent that any response is required, Alaska denies the allegations in Paragraph 7.

8. The first sentence of Paragraph 8 purports to characterize the Production Act, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 8 are inconsistent with those documents, they are denied. As for the second sentence of Paragraph 8, Alaska admits generally that communities in Alaska have participated in BLM processes from time to time. The allegations in the second sentence of Paragraph 8 are also vague and therefore Alaska denies the allegations.

9. Alaska admits that Paragraph 9 appears to generally describe the "Willow Project". Paragraph 9 purports to characterize regulatory requests and approval documents, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in Paragraph 9 are inconsistent with those documents, they are denied.

10. Paragraph 10 purports to characterize the 2020 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 10 are inconsistent with those documents, they are denied.

11. Paragraph 11 purports to characterize and quote from the 2020 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 11 are inconsistent with those documents, they are denied.

12. Paragraph 12 purports to characterize *Sovereign Iñupiat for a Living Arctic v. BLM*, 555 F.Supp. 3d 739, 770, 805 (D. Alaska 2021), which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 12 are

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.     Case No. 3:26-cv-00098-SLG
State of Alaska's Answer     Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 4 of 27

inconsistent with that document, they are denied. The allegations in Paragraph 12 also state conclusions of law, to which no response is required. To the extent that any response is required, Alaska denies the allegations in Paragraph 12.

13. Alaska lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 13, and on that basis denies the allegations. The remainder of Paragraph 13 purports to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 13 are inconsistent with the 2023 Willow ROD, they are denied.

14. The first sentence of Paragraph 14 purports to characterize the 2023 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in the first sentence of Paragraph 14 are inconsistent with the 2023 Willow ROD, they are denied. The second sentence of Paragraph 14 purports to characterize *Sovereign Iñupiat for a Living Arctic v. BLM,* 701 F.Supp. 3d 862 (D. Alaska 2023) and *Ctr. For Biological Diversity*, which speak for themselves and are the best evidence of their content. To the extent that the allegations in Paragraph 14 are inconsistent with those documents, they are denied.

15. Alaska admits that a document titled "Teshekpuk Lake Conservation Right-of-Way" ("TLCROW") that appears to have been signed on December 17, 2024, by Steven Cohn BLM's Alaska State Director was included as Exhibit A to Plaintiff's Complaint. The allegations in Paragraph 15 also state conclusions of law, to which no response is required and are therefore denied. Alaska denies the allegations in Paragraph 15.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.　　　　Case No. 3:26-cv-00098-SLG
State of Alaska's Answer　　　　　　　　　　　　　　Page 1 of 24
Case 3:26-cv-00098-SLG　　　Document 55　　　Filed 04/23/26　　　Page 5 of 27

16.     Alaska lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 16 and on that basis denies the allegations.

17.     Paragraph 17 purports to characterize the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 17 are inconsistent with that document, they are denied. The allegations in Paragraph 17 also state conclusions of law, to which no response in required. To the extent that any response is required, Alaska denies the allegations in Paragraph 17.

18.     Alaska denies the first sentence of Paragraph 18. Alaska lacks knowledge or information sufficient to form a belief about the allegations contained in the second sentence of Paragraph 18, and on that basis denies the allegations. Alaska admits that Kuukpik Corporation was an intervenor defendant in litigation challenging the 2023 Willow ROD. Paragraph 18 also contains legal conclusions to which no response is required. To the extent that any response is required Alaska denies the allegations.

19.     Alaska admits that a document titled "Decision" and "Right of Way Cancellation" ("Cancellation Decision") dated December 19, 2025 bears the signature of the Deputy Secretary of the Interior, Katharine Sinclair MacGregor. The State admits the first sentence of Paragraph 19. Alaska lacks knowledge or information sufficient to form a belief about other allegations contained in Paragraph 19, and on that basis denies the allegations.

20.     The first sentence of Paragraph 20 purports to characterize the Deputy Secretary of Interior's December 19, 2025 "Cancellation Decision," which speaks for itself and is the best evidence of its content. To the extent that the allegations in

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.          Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                              Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 6 of 27

Paragraph 20 are inconsistent with that document, they are denied. The second sentence of Paragraph 20 states Plaintiff's characterizations of this action and their conclusions of law, to which no response is required. To the extent that any response is required, Alaska denies the allegations in Paragraph 20.

21. Paragraph 21 purports to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 21 are inconsistent with that document, they are denied. Alaska avers that BLM lacked authority to issue the TLCROW. Paragraph 21 contains conclusions of law for which no response is required. To the extent that any response is required, Alaska denies the allegations in Paragraph 21.

22. The first sentence of Paragraph 22 purports to characterize the Cancellation Decision, which speaks for itself and is the best evidence of its content. To the extent that the allegations in the first sentence of Paragraph 22 are inconsistent with that document, they are denied. The remaining allegations in Paragraph 22 purport Plaintiff's characterizations of this action and their conclusions of law, to which no response is required. To the extent that any response is required, the State denies the allegations in Paragraph 22.

23. The first two sentences of Paragraph 23 purport to characterize the Cancellation Decision and *Boesche v. Udall*, 373 U.S. 472 (1963), which speak for themselves and are the best evidence of their content. To the extent that the allegations in Paragraph 23 are inconsistent with those documents, they are denied. The third sentence of Paragraph 23 represents a characterization of the Plaintiff's allegations and legal

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.  Case No. 3:26-cv-00098-SLG
State of Alaska's Answer  Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 7 of 27

conclusions, to which no response is required. To the extent that any response is required, Alaska denies the allegations contained in the third sentence of Paragraph 23.

24. Alaska denies the allegations in Paragraph 24.

25. Alaska denies the allegations in the first sentence of Paragraph 25. The second sentence of Paragraph 25 purports to characterize the Cancellation Decision, which speaks for itself and is the best evidence of their content. To the extent that the allegations in the second sentence of Paragraph 25 are inconsistent with Cancellation Decision, they are denied. The allegations in the third sentence of Paragraph 25 state Plaintiff's characterization of this action and their conclusions of law, to which no response is required. To the extent that any response is required, Alaska denies the allegations in the third sentence of Paragraph 25.

26. The first sentence of Paragraph 26 states Plaintiff's characterization of this action and their conclusions of law, to which no response is required. To the extent that any response is required, Alaska denies the allegations in the first sentence of Paragraph 26. The second and third sentences of Paragraph 26 purport to characterize Plaintiff's interpretation of the 2023 Willow ROD and the Cancellation Decision which speaks for themselves and are the best evidence of its content. To the extent that the allegations are inconsistent with those documents, they are denied. The remaining allegations of Paragraph 26 state Plaintiff's characterization of this action and their conclusions of law, to which no response is required. To the extent that any response is required to the remaining allegations of Paragraph 26, they are denied.

27. Alaska denies the allegations in Paragraph 27.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.　　　Case No. 3:26-cv-00098-SLG
State of Alaska's Answer　　　　　　　　　　　　　　　　Page 1 of 24
Case 3:26-cv-00098-SLG　　Document 55　　Filed 04/23/26　　Page 8 of 27

28. As to the first part of the first sentence of Paragraph 28, Alaska denies that the Cancellation Decision violates NEPA. The remainder of the first sentence of Paragraph 28 purports to characterize NEPA, 42 U.S.C. § 4332(C) which speaks for itself and is the best evidence of its content. Paragraph 28 states legal conclusions for which no response is required. To the extent a response is required, Alaska denies the allegations in Paragraph 28.

## JURISDICTION AND VENUE

29. The allegations in Paragraph 29 state conclusions of laws to which no response is required. Alaska denies that the Plaintiff is entitled to any relief.

30. The allegations in Paragraph 30 state conclusions of laws to which no response is required.

## PARTIES

31. Alaska lacks knowledge or information sufficient to form a belief about the allegations contained in the first through fifth sentences of Paragraph 31, and on that basis denies the allegations. Alaska denies the sixth sentence of Paragraph 31.

32. Alaska denies the allegations in Paragraph 32.

33. Alaska admits the allegations in Paragraph 33.

34. Alaska admits the allegations in Paragraph 34.

35. Alaska admits the allegations in Paragraph 35.

36. Alaska admits the allegations in Paragraph 36.

37. Alaska admits the allegations in Paragraph 37.

38. Alaska admits the allegations in Paragraph 38.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.     Case No. 3:26-cv-00098-SLG
State of Alaska's Answer     Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 9 of 27

# FACTUAL ALLEGATIONS

39.     Alaska avers that subsistence is important to all communities in Alaska. Alaska lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 and on that basis denies any remaining allegations in Paragraph 39. Paragraph 39 also purports to characterize a document, which is the best evidence of its contents. To the extent that the allegations are inconsistent with that document, they are denied.

40.     Alaska lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and on that basis, they are denied.

41.     As to the first two sentences of Paragraph 41, Alaska admits that the Teshekpuk Caribou Herd is important to local communities and that members of those communities and other communities may rely on caribou for subsistence purposes. Alaska otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis, they are denied. As to the third through fifth sentences of Paragraph 41, Alaska admits that caribou herd populations are dynamic and change over time. These sentences and the sixth sentence contain vague statements and Alaska lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis, they are denied. Alaska denies the remaining of allegations in Paragraph 41.

42.     The first sentence of Paragraph 42 purports to characterize ANILCA, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 42 are inconsistent with ANILCA, they are denied. As to the second

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.          Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                              Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 10 of 27

sentence of Paragraph 42, Alaska admits that on December 12, 1980, Congress amended the NPRPA (Pub. L. 96-514) and directed the Secretary of Interior to undertake "an expeditious program of competitive leasing of oil and gas." 42 U.S.C.§ 6506(a). Alaska denies any other allegations in Paragraph 42.

43. Paragraph 43 purports to characterize ANILCA, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 43 are inconsistent with that statute, they are denied. To the extent that any response is required, Alaska denies the allegations in Paragraph 43.

44. Paragraph 44 purports to characterize ANILCA, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 44 are inconsistent with those documents, they are denied. To the extent that any response is required, Alaska denies the allegations in Paragraph 44.

45. Paragraph 45 are legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

*The National Petroleum Reserve in Alaska*

46. Alaska admits the first sentence of Paragraph 46. The second through fourth sentences of Paragraph 46 purport to characterize an executive order and public laws which speak from themselves and are the best evidence of their content; as such, Alaska denies every allegation in Paragraph 46 not consistent with those documents.

47. The first two sentences of Paragraph 47 purport to characterize the Production Act which speaks for itself and is the best evidence of its content. To the extent that the allegations in the first two sentences of Paragraph 47 are inconsistent with

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.    Case No. 3:26-cv-00098-SLG
State of Alaska's Answer    Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 11 of 27

that statute, they are denied. The third sentence of Paragraph 47 purports to characterize some uncited provisions of the Congressional record or statements and therefore Alaska lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis, they are denied.

48. Paragraph 48 purports to characterize provisions of the Production Act which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 48 are inconsistent with the Production Act, they are denied.

49. Paragraph 49 purports to characterize the Production Act which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 49 are inconsistent with the Production Act, they are denied.

50. Paragraph 50 purports to characterize and quote from H.R. Conf. Report 94-942, *as reprinted in* 1976 U.S.C.C.A.N 516, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 50 are inconsistent with those documents, they are denied.

51. The first three sentences of Paragraph 51 purport to characterize the 1980 amendments to the Production Act, which speaks for themselves and are the best evidence of its content. To the extent that the allegations in Paragraph 51 are inconsistent with those statutes, they are denied. The final sentence of Paragraph 51 asserts legal conclusions to which no response is required. To the extent that a response is required, Alaska denies the allegations.

52. Paragraph 52 purports to characterize the One Big Beautiful Bill Act (Pub. L. No. 119-21) ("OBBBA"), which speaks for itself and is the best evidence of its

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.        Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                              Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 12 of 27

content. To the extent that the allegations in Paragraph 52 are inconsistent with OBBBA, they are denied. To the extent that any response is required, Alaska denies the allegations in Paragraph 52. Paragraph 52 asserts legal conclusions for which no response is required; however, to the extent that a response is necessary, Alaska denies the allegations.

BLM's Management of the Reserve

53. Alaska admits the first and second sentence of Paragraph 53. As to the third sentence of Paragraph 53, Plaintiff purports to characterize unnamed BLM planning documents, which speak for themselves and are the best evidence of their content. To the extent that the remaining allegations in the third sentence of Paragraph 53 are inconsistent with those documents, they are denied.

54. Paragraph 54 purports to characterize BLM decision documents, specifically the 2025 IAP and 2020 IAP, which speak for themselves and are the best evidence of their content. To the extent that the allegations in Paragraph 54 are inconsistent with those documents, they are denied. To the extent that any response is required, Alaska denies the allegations in Paragraph 54.

55. Paragraph 55 purports to characterize BLM decision documents, specifically the 2025 IAP and 2020 IAP, which speak for themselves and are the best evidence of their content. To the extent that the allegations in Paragraph 55 are inconsistent with those documents, they are denied. To the extent that any response is required, Alaska denies the allegations in Paragraph 55.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.    Case No. 3:26-cv-00098-SLG
State of Alaska's Answer    Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 13 of 27

56.     Paragraph 56 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Alaska denies the allegations.

## The Willow Project and Mitigation Measure 27

57.     Paragraph 57 purports to characterize the 2020 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 57 are inconsistent with those documents, they are denied.

58.     Alaska avers that the Willow Project is a large project on Alaska's North Slope. As to any other allegations in Paragraph 58, Alaska has insufficient information to form a belief as to the truth of the allegations of Paragraph 58 and, therefore, denies the same.

59.     As to the first two sentences of Paragraph 59, Alaska avers that BLM engaged with cooperating agencies and the local public during its preparation of the Willow EIS and received public comments. The remainder of Paragraph 59 purports to characterize the 2020 Willow ROD and Willow EIS Administrative Record Index associated with *Sovereign Iñupiat for a Living Arctic v. BLM*, No. 20-cv-290 (D. Alaska Jan. 15, 2021), which speak for themselves and are the best evidence of their content. To the extent that the remaining allegations in Paragraph 59 are inconsistent with those documents, they are denied.

60.     Paragraph 60 purports to characterize the size of Willow EIS Administrative Record, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 60 are inconsistent with those documents, they are denied.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.      Case No. 3:26-cv-00098-SLG
State of Alaska's Answer      Page 1 of 24
Case 3:26-cv-00098-SLG      Document 55      Filed 04/23/26      Page 14 of 27

61. Paragraph 61 purports to characterize the 2020 Willow ROD, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 61 are inconsistent with that document, they are denied.

62. Paragraph 62 purports to characterize and quote from *Sovereign Iñupiat for a Living Arctic v. BLM*, 555 F.Supp.3d 739 (D. Alaska 2021), which speaks for itself and is the best evidence of its content. To the extent allegations in Paragraph 62 are inconsistent with that document, they are denied.

63. Paragraph 63 purports to characterize and quote from the 2023 FSEIS for the Willow Project, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 63 are inconsistent with that document, they are denied.

64. Paragraph 64 purports to characterize and quote from the 2023 FSEIS for the Willow Project, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 64 are inconsistent with that document, they are denied.

65. Paragraph 65 purports to characterize and quote from the 2023 FSEIS for the Willow Project, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 65 are inconsistent with that document, they are denied.

66. Paragraph 66 purports to characterize and quote from the 2023 FSEIS for the Willow Project, which speaks for itself and is the best evidence of its content. To the

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.          Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                    Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 15 of 27

extent that the allegations in Paragraph 66 are inconsistent with that document, they are denied.

67. Paragraph 67 purports to characterize the 2023 FSEIS for the Willow Project, BLM's Administrative Record Index, *Sovereign Inupiat for a Living Arctic v. Bureau of Land Management*, No. 23-cv-58 (D. Alaska, June 28, 2023), and the 2023 Willow ROD, which speak for themselves and are the best evidence of their content. To the extent that the allegations in Paragraph 67 are inconsistent with those documents, they are denied.

68. Alaska admits that in March 2023, BLM issued the 2023 Willow ROD. The remainder of Paragraph 68 represents a characterization of that document, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 68 are inconsistent with that document, they are denied.

69. Paragraph 69 purports to characterize and quote from the 2023 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 69 are inconsistent with that document, they are denied.

70. Alaska avers that the 2023 Willow ROD included proposed mitigation measures including Mitigation Measure 27. Paragraph 70 purports to characterize and quote from the 2023 Willow ROD, which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 70 are inconsistent with that document, they are denied.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.                Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                              Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 16 of 27

71. Alaska admits that a document titled "Teshekpuk Lake Special Area Protection Options July 2023" ("Options document") exists, but otherwise Alaska denies the allegations in Paragraph 71.

72. Paragraph 72 appears to characterize statements from the Options document which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 72 are inconsistent with that document, they are denied.

**Defendants Issue the Mitigation Right-of-Way to Comply with the ROD and Statutory Obligations.**

73. Alaska admits that the TLCROW contains signatures dated December 17, 2024. Paragraph 73 purports to characterize the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 73 are inconsistent with that document, they are denied. Alaska denies that the TLCROW is reasoned.

74. Paragraph 74 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 74 are inconsistent with that document, they are denied.

75. Paragraph 75 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 75 are inconsistent with that document, they are denied.

76. Paragraph 76 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 76 are inconsistent with that document, they are denied. Paragraph 76 also

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al.*     Case No. 3:26-cv-00098-SLG
State of Alaska's Answer     Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 17 of 27

appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

77. Alaska denies the allegations in the first sentence of Paragraph 77. The second sentence of Paragraph 77 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 77 are inconsistent with that document, they are denied. Paragraph 77 also appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

78. Paragraph 78 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 78 are inconsistent with that document, they are denied. Paragraph 78 also appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

79. Paragraph 79 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 79 are inconsistent with that document, they are denied. Paragraph 79 also appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

**Defendants Cancel the Mitigation Right-of-Way to Open the Protected Teshekpuk Lake Area to Oil and Gas Leases**

80. As to the first sentence of Paragraph 80, Alaska admits that a "Decision" titled "Right of Way Cancellation" by BLM is dated December 19, 2025 ("Cancellation

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.    Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                         Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 18 of 27

Decision"). Alaska lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence of Paragraph 80, and on that basis denies the allegations. The second and third sentences of Paragraph 80 purport to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 80 are inconsistent with the Cancellation Decision, they are denied. Paragraph 80 also appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

81. Alaska denies the allegations in Paragraph 81. To the extent that Paragraph 81 purports to characterize the TLCROW as a "prior determination" and the product of "public input", Alaska denies those allegations as well.

82. The first, second and third sentences of Paragraph 82 purport to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 82 are inconsistent with the Cancellation Decision, they are denied. The final sentence of Paragraph 82 appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

83. Paragraph 83 purports to characterize and quote from *Boesche v. Udall*, 373 U.S. 472 (1963), which speaks for itself and is the best evidence of its content. To the extent that the allegations of Paragraph 83 are inconsistent with that document, they are denied. Paragraph 83 appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.    Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                              Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 19 of 27

84. Paragraph 84 purports to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 84 are inconsistent with the Cancellation Decision, they are denied.

85. Paragraph 85 purports to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 85 are inconsistent with the Cancellation Decision, they are denied.

86. The first sentence of Paragraph 86 purports to characterize the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 86 are inconsistent with the Cancellation Decision, they are denied. The second and third sentences of Paragraph 86 contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

87. Paragraph 87 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Alaska denies the allegations.

88. Paragraph 88 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Alaska denies the allegations.

89. Paragraph 89 purports to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 89 are inconsistent with the Cancellation Decision, they are denied.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.  Case No. 3:26-cv-00098-SLG
State of Alaska's Answer  Page 1 of 24
Case 3:26-cv-00098-SLG  Document 55  Filed 04/23/26  Page 20 of 27

90.    Paragraph 90 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Alaska denies the allegations.

91.    Paragraph 91 purports to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 91 are inconsistent with the Cancellation Decision, they are denied.

92.    Paragraph 92 purports to characterize and quote from the Cancellation Decision which speaks for itself and is the best evidence of its content. To the extent that the allegations in Paragraph 92 are inconsistent with the Cancellation Decision, they are denied. Paragraph 92 appears to contain legal conclusions, to which no response is required. To the extent that a response is required, Alaska denies the allegations.

93.    Alaska admits the allegations contained in the first sentence of Paragraph 93. Alaska denies the allegations contained in second sentence of Paragraph 93. The third and fourth sentences of Paragraph 93 purport to characterize and quote from the Cancellation Decision which is the best evidence of its content. To the extent the allegations in Paragraph 93 are inconsistent with that document, they are denied.

94.    Alaska denies the allegations contained in the first sentence of Paragraph 94. Alaska lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 94, and on that basis, denies the allegations. The allegations contained in remainder of Paragraph 94 purport to characterize and quote the Cancellation Decision, which speaks for itself and is the best

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.  Case No. 3:26-cv-00098-SLG
State of Alaska's Answer  Page 1 of 24
Case 3:26-cv-00098-SLG  Document 55  Filed 04/23/26  Page 21 of 27

evidence of its content. To the extent that the allegations contained in the remainder of Paragraph 94 are inconstant with that document, they are denied.

95.     As to the first sentence of Paragraph 95, Alaska lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis, they are denied. The second sentence purports to characterize the 2025 IAP, which speaks for itself and is the best evidence of its content. To the extent that the allegations in the second sentence of Paragraph 95 are inconsistent with that document, they are denied.

96.     Alaska denies the allegations contained in the first two sentences of Paragraph 96. The remainder of allegations in Paragraph 96 purport to characterize the Cancellation Decision which is the best evidence of its content. To the extent that the allegations in Paragraph 96 are inconsistent with that document, they are denied. Paragraph 96 also appears to contain conclusions of law for which no response is required. To the extent that any response is required, Alaska denies such allegations.

97.     Paragraph 97 purports to characterize and quote from the Cancellation Decision which is the best evidence of its content. To the extent that the allegations in Paragraph 97 are inconsistent with that document, they are denied.

**CLAIMS FOR RELIEF**
*FIRST CLAIM FOR RELIEF*
**Violation of the Administrative Procedure Act—Contrary to Law**
**(All Defendants)**

98.     Alaska incorporates by reference its answers to Paragraphs 1-97.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.          Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                                    Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 22 of 27

99. Paragraph 99 purports to characterize and quote provisions of the Administrative Procedure Act ("APA"), which speak for themselves and are the best evidence of their contents; as such, Alaska denies every allegation in Paragraph 99 not consistent with those provisions.

100. Paragraph 100 purports to characterize and quote provisions of the Production Act, which speak for themselves and are the best evidence of their content; as such, Alaska denies every allegation in Paragraph 100 not consistent with those provisions. Paragraph 100 also appears to contain conclusions of law for which no response is required. To the extent that any response is required, Alaska denies such allegations.

101. Alaska denies the allegations in Paragraph 101.

102. Alaska denies the allegations in Paragraph 102.

103. Alaska denies the allegations in Paragraph 103.

104. Alaska denies the allegations in Paragraph 104.

105. Alaska denies the allegations in Paragraph 105.

106. Alaska denies the allegations in Paragraph 106.

### SECOND CLAIM FOR RELIEF
**Violation of the Administrative Procedure Act—In Excess of Statutory Authority**
**(All Defendants)**

107. Alaska incorporates by reference its answers to Paragraphs 1-106.

108. Paragraph 108 purports to characterize and quote provisions of the APA which speak for themselves and are the best evidence of their content; as such, Alaska denies every allegation in Paragraph 108 not consistent with those provisions.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.  Case No. 3:26-cv-00098-SLG
State of Alaska's Answer  Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 23 of 27

109.    Alaska denies the allegations in Paragraph 109.

110.    Alaska denies the allegations in Paragraph 110.

111.    Alaska denies the allegations in Paragraph 111.

### THIRD CLAIM FOR RELIEF
**Violation of the Administrative Procedure Act—Arbitrary and Capricious**
**(All Defendants)**

112.    Alaska incorporates by reference its answers to Paragraphs 1-111.

113.    Paragraph 113 purports to characterize and quote provisions of the APA which speak for themselves and are the best evidence of their contents; as such, Alaska denies every allegation in Paragraph 113 not consistent with those provisions.

114.    Paragraph 114 purports to characterize and quote from the 2023 Willow ROD which speaks for itself and is the best evidence of its content; as such, Alaska denies every allegation in Paragraph 114 not consistent with that document.

115.    Alaska denies the allegations in Paragraph 115.

116.    Alaska denies the allegations in Paragraph 116.

117.    Alaska denies the allegations in Paragraph 117.

### FOURTH CLAIM FOR RELIEF
**Violation of the Administrative Procedure Act—Without Observance of Procedure**
**Required by Law (All Defendants)**

118.    Alaska incorporates by reference its answers to Paragraphs 1-117.

119.    Paragraph 119 purports to characterize and quote provisions of the APA which speak for themselves and are the best evidence of their content; as such, Alaska denies every allegation in Paragraph 119 not consistent with those provisions.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al*.    Case No. 3:26-cv-00098-SLG
State of Alaska's Answer    Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 24 of 27

120.     Paragraph 120 purports to characterize, and quotes from, provisions of case law from the D.C. Circuit and NEPA provisions, which speak for themselves and are the best evidence of their content; as such, Alaska denies every allegation in Paragraph 120 not consistent with those provisions.

121.     Alaska denies the allegations in Paragraph 121.

122.     Alaska denies the allegations in Paragraph 122.

### FIFTH CLAIM FOR RELIEF
**Procedural Due Process (Fifth Amendment)**
**(All Defendants)**

123.     Alaska incorporates by reference its answers to Paragraphs 1-122.

124.     Paragraph 124 purports to characterize, and quotes from, provisions of case law from a U.S. District Court from the District of Columbia decision, which speaks for itself and is the best evidence of their content; as such, Alaska denies every allegation in Paragraph 124 not consistent with those provisions.

125.     Paragraph 125 purports to characterize and quote from the TLCROW which speaks for itself and is the best evidence of its content; as such, Alaska denies every allegation in Paragraph 125 not consistent with that document. To the extent that Paragraph 125 alleges that the TLCROW contains any valid terms, Alaska also denies those allegations.

126.     Paragraph 126 asserts legal conclusions for which no response is required. To the extent a response is required, Alaska denies the allegations in Paragraph 126.

127.     Alaska denies the allegation in Paragraph 127.

### REQUEST FOR RELIEF

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al.*          Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                   Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 25 of 27

The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to which no response is required. Insofar as a response is required, Alaska denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Alaska denies all allegations, whether express or implied, including any allegations reflected in section heading, in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Alaska asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim for which relief may be granted.

2. Plaintiff may lack standing to bring some or all of its claims.

3. This Court may lack jurisdiction over Plaintiff's Complaint and the cause of action asserted.

4. Alaska reserves the right to amend or supplement these affirmative defenses as appropriate.

## PRAYER FOR RELIEF

Alaska asks the Court:

1. To deny Plaintiff's request for declaratory and injunctive relief; and

2. To dismiss the complaint with prejudice; and

3. To grant further relief as the Court deems appropriate.

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al.*     Case No. 3:26-cv-00098-SLG
State of Alaska's Answer     Page 1 of 24
Case 3:26-cv-00098-SLG    Document 55    Filed 04/23/26    Page 26 of 27

DATED:  April 23, 2026

By: */s/ Mary Hunter Gramling*
Mary Hunter Gramling,
Alaska Bar No. 1011078
State of Alaska, Department of Law
P.O. Box 110300
Juneau, AK  99811-0300
Telephone:  907-465-3600
Facsimile:  907-465-2520
Email: mary.gramling@alaska.gov
Mary.gramling@alaska.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the foregoing was served on all registered parties via the CM/ECF system.

*/s/ Mary Hunter Gramling*
Mary Hunter Gramling

*Nuiqsut Trilateral, Inc. v. Doug Burgum, et al.*          Case No. 3:26-cv-00098-SLG
State of Alaska's Answer                                                    Page 1 of 24
Case 3:26-cv-00098-SLG     Document 55     Filed 04/23/26     Page 27 of 27