# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NUIQSUT TRILATERAL, INC.,

        Plaintiff,

    v.

DOUG BURGUM, *et al.*,

        Defendants,
   and

STATE OF ALASKA,

        Intervenor-Defendant.

Case No. 3:26-cv-00098-SLG

## ORDER ON MOTION TO INTERVENE BY EPOCH OIL AND GAS, LLC

Before the Court at Docket 57 is Epoch Oil and Gas, LLC ("Epoch")'s Motion to Intervene. Plaintiff Nuiqsut Trilateral, Inc. responded in opposition at Docket 57, to which Epoch replied at Docket 68. According to Epoch, Defendants Secretary of the Interior Doug Burgum, Deputy Secretary of the Interior Katharine MacGregor, the United States Department of the Interior (the "Department"), Acting Director of the Bureau of Land Management Bill Groffy, Alaska State Director of the Bureau of Land Management Kevin Pendergast, and the United States Bureau of Land Management ("BLM") take no position on Epoch's motion, while Intervenor-Defendant State of Alaska does not oppose.[1]

---

[1] Docket 57 at 3.

On December 17, 2024, BLM issued a conservation right-of-way ("ROW") to Plaintiff, encompassing approximately one million acres of key habitat for the Teshekpuk Caribou Herd within the Teshekpuk Lake Special Area ("TLSA") of the National Petroleum Reserve–Alaska ("NPR-A").[2] The ROW's purpose is to "offset the impacts on the Herd from the Willow project by providing durable and long-term protection for the Herd by prohibiting certain activities and facilities within the Protected Property for the benefit of the Herd and the Herd's most important habitat."[3] The ROW allows Plaintiff to prohibit the "[i]ssuance of new oil and gas leases" and "surface and subsurface exploration development, mining, or extraction of oil, gas, or other mineral resources."[4]

On December 19, 2025, the Department of the Interior delivered a "Right of Way Cancellation" letter to Plaintiff ("ROW Cancellation Notice"), which purported to immediately and unilaterally cancel the ROW.[5] Shortly thereafter, on December 22, 2025, BLM issued the 2025 Integrated Activity Plan ("IAP") opening approximately 18.6 million acres, or 82 percent, of the NPR-A to oil and gas leasing.[6]

---

[2] Docket 1-1 (ROW) at 1.

[3] Docket 1-1 at 3.

[4] Docket 1-1 at 5, 7.

[5] Docket 1-2 (ROW Cancellation Notice) at 2-10.

[6] Docket 21-1 (2025 IAP ROD) at 11.

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 2 of 10
Case 3:26-cv-00098-SLG    Document 72    Filed 06/15/26    Page 2 of 10

On January 28, 2026, Plaintiff filed this action seeking an order vacating the ROW Cancellation Notice.[7] On February 11, 2026, BLM published a Notice of Intent to hold a lease sale on March 18, 2026 ("Notice of Sale") involving approximately 5.5 million acres of NPR-A land, including tracts within the ROW.[8] On February 20, 2026, Plaintiff moved for preliminary injunctive relief, asking the Court to stay the December 19, 2025 ROW Cancellation Notice pending resolution of this case.[9] On March 16, 2026, the Court granted Plaintiff's motion for a preliminary injunction and stayed the ROW Cancellation Notice "pending resolution of Plaintiff's underlying claims."[10] The Court further ordered that "[t]he December 2024 Right of Way issued to Nuiqsut Trilateral, Inc. on those certain lands within the NPR-A shall remain in full force and effect during the pendency of this action."[11]

Despite the Court's order, BLM held the lease sale on March 18, 2026.[12] Epoch submitted bids on several tracts in the NPR-A and learned that it was the

---

[7] Docket 1 at 42, ¶ 2.

[8] Docket 12-4 (Detailed Statement of Sale).

[9] Docket 12-7 (Proposed Order) at 2.

[10] Docket 42 at 26.

[11] Docket 42 at 26. Defendants appealed the Court's order granting Plaintiff's motion for a preliminary injunction on May 15, 2026. Docket 64. That interlocutory appeal remains pending before the Ninth Circuit, which entered a briefing schedule on May 18, 2026. Docket 66.

[12] Docket 57-4 at 3.

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 3 of 10
Case 3:26-cv-00098-SLG    Document 72    Filed 06/15/26    Page 3 of 10

highest bidder for a potential lease in the ROW when BLM unsealed the bids.[13] On April 30, 2026, Epoch moved to intervene as a defendant in this action.

## DISCUSSION

Epoch seeks intervention as of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, permissive intervention under Rule 24(b).[14]

### I. Intervention As of Right

Federal Rule of Civil Procedure 24(a) requires district courts to allow a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This rule requires the movant to satisfy the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[15]

---

[13] Docket 57 at 10.

[14] Docket 57 at 2.

[15] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 4 of 10

Prospective intervenors bear the burden of establishing each of these elements, although "the requirements for intervention are [to be] broadly interpreted in favor of intervention."[16]

Plaintiff does not dispute the timeliness of Epoch's motion, but it maintains that Epoch does not have the requisite significantly protectable interest in this action.[17]  Epoch asserts that it has such an interest because it was the highest bidder for a potential lease within the ROW.[18]  In support, Epoch notes that "[c]ourts have consistently held that a federal oil and gas lease is a protectable property interest."[19]  But that proposition does not resolve the question presented here.  As Plaintiff correctly notes, Epoch is not a leaseholder and does not presently hold a lease within the ROW.[20]  Rather, Epoch is the apparent high bidder on a potential lease, and Epoch acknowledges that its asserted interest remains "subject to a regulatory process."[21]

---

[16] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[17] Docket 62 at 7-8.

[18] Docket 57 at 6.

[19] Docket 57 at 11 (citing *W. Watersheds Project v. Haaland*, 22 F.4th 828, 842 (9th Cir. 2022)).

[20] Docket 62 at 10.

[21] Docket 68 at 6.  Epoch's briefing tends to elide the difference between being the high bidder for a potential lease and holding an actual lease. *See, e.g.*, Docket 57 at 13 ("Only Epoch can address the substantial investments it has made to bid on and develop the Lease") (citing *W. Watersheds Project*, 22 F.4th at 842).

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 5 of 10
Case 3:26-cv-00098-SLG    Document 72    Filed 06/15/26    Page 5 of 10

To support its proposition that "other courts have recognized that a high bid in an oil and gas lease warrants intervention,"[22] Epoch relies on *Friends of Earth v. Haaland*.[23]  In *Friends of Earth*, the plaintiffs, which were environmental groups, challenged Offshore Oil and Gas Lease Sale 257 in the Gulf of Mexico alleging that the federal government violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA").[24]  As relief, the plaintiffs sought "a declaration that [the government's] decision to hold Lease Sale 257 violates NEPA and its implementing regulations, and is arbitrary and capricious and not in accordance with law in violation of the APA, to vacate the Record of Decision to hold Lease Sale 257 and subsequent executed leases, and for any other appropriate injunctive relief to ensure that [the government] comply with NEPA and the APA."[25]  After the lease sale was held, Chevron U.S.A., Inc. was the apparent high bidder on 34 tracts offered in that sale and sought intervention in the action.[26]  The district court granted intervention, concluding that while "Chevron is asserting an expected property interest in the leases rather than a present one" and "[a]lthough some contingencies remain, the Court holds that

---

[22] Docket 68 at 6.

[23] Case No. CV 21-2317 (RC), 2022 WL 136763 (D.D.C. Jan. 15, 2022).

[24] *Id.* at *1.

[25] *Id.* (internal quotation marks omitted) (internal citation omitted).

[26] *Id.*

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 6 of 10

Case 3:26-cv-00098-SLG    Document 72    Filed 06/15/26    Page 6 of 10

Chevron's interest in these 34 tracts is more than merely speculative. The fact that Chevron prevailed in a competitive bidding process makes its interest concrete, and the fact that the 34 tracts are identifiable makes it sufficiently particularized, even if it is ultimately not awarded some of those tracts."[27]

The Court finds Epoch's reliance on *Friends of Earth* is misplaced. There, the plaintiffs directly challenged the federal government's decision to hold the lease sale and expressly sought vacatur of both the Record of Decision authorizing the sale and the "subsequent executed leases."[28] Chevron's asserted interest as the apparent high bidder was therefore a direct interest in the very agency action under review and in the precise relief sought by the plaintiffs: invalidation of the sale and any leases resulting from it. The district court's conclusion that Chevron had a sufficiently concrete interest rested on that posture.

This case is materially different. Plaintiff does not challenge BLM's March 18, 2026 lease sale, the Notice of Sale, the 2025 IAP, or any lease award to Epoch. Rather, Plaintiff challenges only the ROW Cancellation Notice and seeks relief restoring the ROW to full force and effect.[29] Thus, unlike Chevron, Epoch is not seeking to protect an interest in the agency action that is the subject of this litigation. Any effect on Epoch's bid or potential lease would flow only indirectly

---

[27] *Id.* at *2.

[28] *Id.* at *1.

[29] Docket 1 at 42, ¶ 2 (requesting as relief vacatur of the ROW Cancellation Notice and a declaration that the ROW Cancellation Notice is unconstitutional and unlawful).

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 7 of 10
Case 3:26-cv-00098-SLG     Document 72     Filed 06/15/26     Page 7 of 10

from the continued existence of the ROW and BLM's separate decision to conduct the lease sale in the ROW notwithstanding the preliminary injunction. For these reasons, the Court finds that Epoch does not have a sufficiently protectable interest in the validity of the ROW. Rather, Epoch's asserted interest depends on a separate lease-sale process that is not before the Court in this action.[30] Therefore, Epoch has not demonstrated that its intervention as of right in this action is warranted.

## II. Permissive Intervention

Rule 24(b) allows a district court to permit a party to intervene permissively if the party either "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."[31] Epoch asserts that its "defense shares common questions of law and fact with Plaintiff's claims" because "Plaintiff seeks to invalidate the Cancellation Notice and reinstate the Right-of-Way, which will determine the issuance of Epoch's Lease and Epoch's operations on it."[32] But that framing

---

[30] To the extent Epoch seeks to defend its interests arising from the March 18, 2026 lease sale, *Friends of Earth* is more analogous to *Grandmothers Growing Goodness et al. v. Burgum et al.*, Case No. 3:26-cv-00097-SLG (D. Alaska Feb. 17, 2026)—another case pending before this Court—in which Epoch has been permitted to intervene as an intervenor-defendant. *Grandmothers Growing Goodness*, Docket 81.

[31] Fed. R. Civ. P. 24(b)(1)(A)–(B); *see also Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) ("We have held that a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.").

[32] Docket 57 at 14.

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 8 of 10
Case 3:26-cv-00098-SLG    Document 72    Filed 06/15/26    Page 8 of 10

overstates the connection between Epoch's asserted interest and the claims at issue in this case. Plaintiff's challenge in this action is confined to the ROW Cancellation Notice.[33] The case therefore turns on whether the Department of the Interior lawfully cancelled the ROW, not on whether BLM properly conducted the March 18, 2026 lease sale or whether Epoch may ultimately receive a lease for the acreage on which it bid within the ROW. Because Plaintiff does not challenge the lease sale, the Notice of Sale, the 2025 IAP, or any lease award to Epoch, Epoch has not identified a claim or defense that shares a common question of law or fact with the main action.

Allowing Epoch to intervene would instead risk expanding this case beyond the agency action under review. Epoch's participation would likely introduce collateral issues concerning its bids, its expectations as an apparent high bidder, and the effect of the ROW on future lease issuance. Epoch asserts that "[t]he existing parties cannot adequately represent Epoch's interests" because "[o]nly Epoch can address the substantial investments it has made to bid on and develop the Lease."[34] But those issues are completely district from the validity of the ROW and the legality of ROW Cancellation Notice and need not be addressed to resolve Plaintiff's claims. Therefore, permissive intervention would not assist in resolving the ROW-cancellation challenge presented in this case and would create a

---

[33] Docket 1 at 42, ¶ 2.

[34] Docket 57 at 13.

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 9 of 10

Case 3:26-cv-00098-SLG    Document 72    Filed 06/15/26    Page 9 of 10

substantial risk of delay and unnecessary complication. For these reasons, Epoch has not demonstrated that its permissive intervention in this action is warranted.

**CONCLUSION**

For the foregoing reasons, Epoch's Motion to Intervene at Docket 57 is DENIED. In light of the Court's denial of Epoch's Motion to Intervene, Epoch's Motion for Leave to File Response to Motion for Summary Judgment at Docket 69 is DENIED as moot without prejudice to Epoch seeking leave to file an amicus brief in this action.

DATED this 15th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00098-SLG, *Nuiqsut Trilateral, Inc. v. Burgum et al*
Order on Motion to Intervene by Epoch Oil and Gas, LLC
Page 10 of 10
Case 3:26-cv-00098-SLG   Document 72   Filed 06/15/26   Page 10 of 10